IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID CHESTER PIMM,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S PETITION FOR MODIFICATION OF SUPERVISED RELEASE<br><br><br><br>Case No. 2:07-CR-527 TS |

This matter is before the Court on Defendant's Petition for Modification of Supervised Release. For the reasons discussed below, the Court will deny the Motion.

I. BACKGROUND

On February 19, 2008, Defendant was sentenced to 21 months custody of the Bureau of Prisons, to be followed by 36 months of supervised release. In addition, Defendant was ordered to pay restitution in the amount of $59,990.06.

Defendant has now served one year of his supervised release and seeks early termination. Defendant represents that he has: completed over 300 hours of community service while incarcerated; been a volunteer basketball coach for 10 years; volunteered with the Utah Junior

1

Golf Association for 7 years; complied with the terms of his supervised release for one year; and worked in order to pay restitution.

The government opposes Defendant's request for early termination. The government emphasizes the large amount of restitution still owing in this matter and Defendant's relatively poor history of making restitution payments.

II.  DISCUSSION

18 U.S.C. § 3583(e) permits the Court to terminate supervised release at any time after a defendant has completed at least one year of supervised release, but prior to completion of the entire term, if the Court is satisfied that such action is 1) warranted by the conduct of an offender and 2) is in the interest of justice. In making this determination, the Court is directed to consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.

Having reviewed these factors, the Court finds that early termination is not appropriate at this time. While the Court commends Defendant for those things that he has accomplished while on supervised release, the Court believes that further supervision is necessary to help facilitate future restitution payments. As stated, Defendant owes a large amount of restitution and the Court believes that further supervision is necessary to ensure continued payment. Therefore, the Court will deny Defendant's request.

III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Modify Conditions of Release (Docket No. 24) is DENIED.

DATED   November 16, 2010.

                            BY THE COURT:

                            _____
                            TED STEWART
                            United States District Judge